## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **GENWORTH LIFE INSURANCE CO.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 12 CV 4283** |
| **v.** | ) | |
| | ) | **Magistrate Judge Geraldine Soat Brown** |
| **AMY ELYSE RICHARDSON, AS** | ) | |
| **EXECUTRIX OF THE ESTATE OF** | ) | |
| **JACQUELINE MARY RICHARDSON,** | ) | |
| **RODERICK MARK RICHARDSON, AS** | ) | |
| **SUCCESSOR EXECUTOR OF THE** | ) | |
| **ESTATE OF JACQUELINE MARY** | ) | |
| **RICHARDSON, and PAUL HOHL,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is defendant Paul Hohl's request, made as part of his motion for summary judgment, to deem all filings made by Roderick Richardson on behalf of the estate of Jacqueline Mary Richardson a nullity because Roderick Richardson is not an attorney. (Hohl's Mem. Supp. Mot. Summ. J. at 2-4.) [Dkt 50-2.] The request is ruled upon as set out in this order.

### Background

Plaintiff Genworth Life Insurance Company ("Genworth") filed this lawsuit as an interpleader under 28 U.S.C. §§ 1335, 1397, and 2361, and Fed. R. Civ. P. 22, to determine the proper distribution of funds from an annuity it issued to Ms. Richardson before her death in 2011.

1

(Compl. ¶ 5.) [Dkt 1.] The District Judge granted Genworth leave to deposit the amount of its total admitted liability of $104,612.58 into the registry of the court [dkt 18], and later discharged the company from further liability on the annuity [dkt 28]. Hohl and Richardson then filed cross-claims against each other claiming entitlement to the funds. [Dkt 30, 31.] After the parties filed a consent to the jurisdiction of the magistrate judge under 28 U.S.C. § 636 [dkt 36], Genworth was dismissed from the litigation. (Order, July 25, 2013) [Dkt 46.]

Hohl and Richardson each then moved for summary judgment. Hohl argues that he should receive the annuity funds because he is designated as the beneficiary on the annuity contract. (Hohl's Mem. Supp. Mot. Summ. J. at 2; Compl., Ex. A.) Richardson, who is the decedent's son, essentially alleges undue influence, contending that Hohl falsely asserted power of attorney to get himself listed as beneficiary of the annuity while caring for Richardson's mother during a time that she was incompetent to tend to her own affairs. (Richardson's Rev. Mot. Summ. J. at 2-3.) [Dkt 49.] Richardson claims to be acting as executor of his mother's estate and argues that the funds in question should be returned to the estate for distribution in equal portions to himself and two other beneficiaries (presumably Ms. Richardson's other children). (*Id.* at 7-8.) Because Richardson is proceeding without an attorney, however, Hohl argues that Richardson cannot represent the estate and that all of his filings must be treated "as a nullity." (Hohl's Mem. Supp. Mot. Summ. J. at 2-4.)[1]

At a status hearing on September 18, 2013, both parties were informed that their motions for summary judgment did not conform with Local Rule 56.1 and were instructed to file revised motions. (Order, Sept. 18, 2013.) [Dkt 53.] The court agreed, however, to first decide whether

---

[1] The court had raised the issue of Richardson's ability to represent the estate at the initial hearing on June 25, 2013.

Richardson is permitted to represent the estate in this matter.

## Discussion

"[W]hether a person or firm or other entity may litigate in federal court pro se is a question of federal procedural law rather than of state law." *In re IFC Credit Corp.*, 663 F.3d 315, 317 (7th Cir. 2011); *see Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). In regard to estates, federal law provides that, "if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court." *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *accord Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). That is because "administrators do not act on behalf of themselves, but on behalf of all of the beneficiaries of an estate." *Malone*, 474 F.3d at 937. As Hohl points out, this restriction also applies in Illinois state courts. (Hohl's Mem. Supp. Mot. Summ. J. at 3 (citing *Ratcliffe v. Apantaku*, 742 N.E.2d 843, 846 (Ill. App. 1st Dist. 2000)).)

Because Richardson has acknowledged that there are two beneficiaries of his mother's estate in addition to himself, it is clear that the estate must retain an attorney to proceed in this case. That does not end the analysis, however, because Richardson's prior purported representation of the estate calls into question documents he has already filed, including the answer to the complaint, the cross-claim against Hohl, and the consent to the jurisdiction of the magistrate judge.

Hohl argues that all of Richardson's filings must be treated as nullities, citing *Blue v. People*, 585 N.E.2d 625, 626 (Ill. App. 2d Dist. 1992), which holds that "[a] pleading signed by a person who is not licensed to practice law in this State is a nullity even if a duly licensed attorney subsequently appears in court." (Hohl's Mem. Supp. Mot. Summ. J. at 2.) Although federal law controls, Hohl's

citation to Illinois law is not off base because "this is the kind of question for which state law might

provide useful guidance." *Elustra*, 595 F.3d at 704.

Even under state law, however, the nullity rule is not as absolute as Hohl suggests. Both

federal and Illinois courts recognize that the rule is "discretionary rather than mandatory." *In re IFC*

*Credit Corp.*, 663 F.3d at 320; *accord Downtown Disposal Servs., Inc. v. City of Chicago*, 979

N.E.2d 50, 55 (Ill. 2012) ("We hold there is no automatic nullity rule."). "It's a rule and should be

enforced, but sanctions for its violation should be proportioned to the gravity of the violation's

consequences." *In re IFC Credit Corp.*, 663 F.3d at 321. The Seventh Circuit also has concluded

that "the rule is not jurisdictional" and that harmless violations may be ignored. *In re IFC Credit*

*Corp.*, 663 F.3d at 320-21; *see United States v. Tri-No Enters., Inc.*, 819 F.2d 154, 159 (7th Cir.

1987).

Hohl argues that the appropriate sanction is to strike the answer to the complaint filed by

Richardson and to dismiss the estate's cross-claim. (Hohl's Mem. Supp. Mot. Summ. J. at 4.) The

court is not persuaded, however, that these consequences are appropriate at this stage in the

proceeding. A key principle to consider is that the representation rule is intended to protect the

interests of the represented party and the integrity of the court system. *See Elustra*, 595 F.3d at 706

("[I]t is important to recall that the point of the rule forbidding a next friend to litigate *pro se* on

behalf of another person is to protect the rights of the represented party."); *Downtown Disposal*

*Servs., Inc.*, 979 N.E.2d at 57 ("[B]ecause the consequences of applying the nullity rule to a case can

be harsh, it should be invoked only where it fulfills the purposes of protecting both the public and

the integrity of the court system from the actions of the unlicensed, and where no other alternative

remedy is possible."). Thus, for example, the Seventh Circuit refused to strike a postjudgment

motion improperly filed by a minor litigant's mother when an attorney soon "effectively ratified the earlier filing." *Elustra*, 595 F.3d at 706. The Seventh Circuit also affirmed the result of a trial where a non-lawyer improperly represented a corporation but his actions had not prejudiced the corporation. *Tri-No Enters., Inc.*, 819 F.2d at 159. Here, Richardson does not appear to have caused any significant harm to the interests of the estate; there is no indication that the other beneficiaries object to his actions in this lawsuit. Striking the answer and cross-claim as Hohl suggests would, however, hurt the estate if the consequence would be a default order against the estate. *See* Fed. R. Civ. P. 12, 13.

In his response to Hohl's motion, Richardson asks for time to obtain counsel, if necessary, because he did not realize the estate needed an attorney to represent it. (Richardson's Resp. at 2.) [Dkt 52.] The Illinois Supreme Court commends considering whether a non-lawyer acted "without knowledge that the action was improper" and whether the party acts promptly to correct the problem. *Downtown Disposal Servs., Inc.*, 979 N.E.2d at 57.

By virtue of this order, Richardson now knows that he cannot represent the estate. The estate must retain an attorney to file an appearance within 21 days. Richardson and the other beneficiaries of the estate are strongly cautioned that failure to do so will jeopardize their position in this lawsuit.

If Richardson's signature on the consent form did not provide unanimous consent to the magistrate judge, the court's order discharging Genworth is also in question. *See* 28 U.S.C. § 636. If the parties wish to proceed before the magistrate judge once an attorney is retained for the estate, then the attorney must ratify the parties' consent to the magistrate judge under 28 U.S.C. § 636. This step can be accomplished by the attorney signing the consent form on behalf of the estate; an attorney's signature suffices as consent for the client. *See Gonzalez v. United States*, 553 U.S. 242,

253 (2008) (upholding attorney-signed consent to magistrate judge overseeing jury selection); *Stevo v. Frasor*, 662 F.3d 880, 885 (7th Cir. 2011) (upholding attorney-signed consent); *Germane v. Heckler*, 804 F.2d 366, 370-71 (7th Cir. 1986) (same).

### Conclusion

For the foregoing reasons, an attorney must file an appearance of record on behalf of the estate by October 16, 2013. The filing of revised motions for summary judgment is suspended until further order of the court. A status hearing is set in this matter for October 23, 2013 at 9:45 a.m.

**IT IS SO ORDERED.**

_____
Geraldine Soat Brown
United States Magistrate Judge

**Date: September 25, 2013**